UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
METRO RISK MANAGEMENT AGENCY,    :
:
                          Petitioner,    :
:          23-CV-1944 (VSB)
          -against-     :
:          **ORDER**
HUDSON SPECIALTY INSURANCE       :
COMPANY,                                              :
:
                        Respondent.   :
:
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      This Order addresses Respondent Hudson Specialty Insurance Company's ("Hudson") request for redactions to Petitioner Metro Risk Management Agency's ("MRMA") petition (the "Petition"). Hudson's motion to redact certain parts of this petition is DENIED.

      This case stems from MRMA's petition to vacate an arbitral award in favor of Hudson. That arbitration was subject to a confidentiality order. Accordingly, MRMA filed the Petition under seal. The docket for this case is presently sealed as well. On March 9, 2023, I directed the parties to file a letter stating if continued sealing of the docket and associated filings was appropriate. Hudson filed a response (the "Sealing Motion") acknowledging that continued wholesale sealing of the docket and the Petition was not merited. However, it requested the redaction of several lines from MRMA's petition on allegations about the arbitrators involved in the arbitration. Hudson asserts that these allegations are embarrassing, unfounded, and could harm the business interests of the arbitrators. MRMA does not contest Hudson's request and does not seek any additional sealing.

      "The burden of demonstrating that a document submitted to a court should be sealed rests

on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  When a party requests sealing, the court must evaluate that request under both a "common law right of public access to judicial documents," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), and the press and public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Id.* at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).[1]

There are two approaches for determining if the First Amendment right of access attaches to a document.  The "'experience and logic' approach requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Lugosch*, 435 F.3d at 120 (*Pellegrino*, 380 F.3d at 92).  "The second approach considers the extent to which the judicial documents are "derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120 (quoting *Pellegrino*, 380 F.3d at 93).  For example, "[t]he transcript of a proceeding is so closely related to the ability to attend the proceeding itself that maintaining secrecy is appropriate only if closing the courtroom was appropriate." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013).

Complaints are subject to a First Amendment right of access because "[c]omplaints have historically been publicly accessible by default, even when they contain arguably sensitive information." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).  "Public access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id.*  Thus, "the First Amendment protects access to judicial

---

[1] I need not consider the common law right of access as I have determined that the First Amendment right applies.

documents if the documents 'are necessary to understand the merits' of the proceeding." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013)).

There is a strong presumption of public access to documents covered by the First Amendment right of access.  *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019).  Thus, if this First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch*, 435 F.3d at 120 (cleaned up).

Higher values that may justify sealing even under this standard include "the privacy interests of innocent third parties."  *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).  However, "most of the cases in which courts have concluded that the privacy interests of individuals were sufficient to overcome the presumption of access involve illness or sensitive personal financial information."  *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 629 (S.D.N.Y. 2011) (collecting cases).  Additionally, "courts generally reject negative publicity 'as a basis for overcoming the strong presumption of public access to [the allegedly prejudicial] items.'"  *Julian v. Metro. Life Ins. Co.*, No. 17CV957AJNBCM, 2020 WL 5913739, at *4 (S.D.N.Y. Oct. 6, 2020) (collecting cases) (alterations in original).

Moreover, if a court is to give weight to a party's asserted harms, those harms must be concretely and specifically described.  "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."  *Coventry Cap. US LLC v. EEA Life Settlements, Inc.,* No. 17CIV7417VMHBP, 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)); *see also In re Google Digital Advert. Antitrust Litig.*, No. 21-CV-6841 (PKC), 2021 WL 4848758, at *3 (S.D.N.Y.

Oct. 15, 2021) (declining to seal material where the "harms . . . are vaguely described[,] . . . rather conclusory . . . [and] do not identify privacy interests or concrete harms that outweigh the presumption of public access.").

*Bernstein*'s analysis of the First Amendment right of access to complaints applies with equal force to petitions to vacate. 814 F.3d 132. In actions to vacate or confirm an arbitral award, the petition serves a similar role to the complaint, educating the public about the operation of the courts, enhancing judicial accountability, and informing the public amount matters of public concern. Similarly, sealing or redacting a petition would leave "the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute." *Id.* at 141. Courts in this District have thus found that petitions to confirm arbitral awards are subject to the First Amendment right of access. *See, e.g.¸ Union Square Ltd. v. Mr. Bar-B-Q Prod. LLC*, No. 21-CV-11032 (VSB), 2022 WL 252080, at *4 (S.D.N.Y. Jan. 27, 2022); *DXC Tech. Co. v. Hewlett Packard Enter. Co.*, No. 19-CV-7954 (VEC), 2019 WL 4621938, at *1 (S.D.N.Y. Sept. 11, 2019). There is no reason that the public would have any less right to access a petition to vacate an arbitral award than to confirm one.

Hudson's proposed redactions cover "spurious" allegations about the arbiters in MRMA's petition. It asserts that these allegations were made primarily for the purpose of embarrassing the arbiters, and could harm the arbiters' business, which would be particularly unfair since the arbiters are third parties who will not have the ability to challenge the allegations. (Sealing Motion, at 2).

Allegations about the arbitrators' conduct are not the kind of sensitive personal financial or health information that traditionally provides grounds for sealings. Additionally, Hudson's

generalized concern about embarrassment and speculative business harms to the arbitrators is not sufficient to overcome the First Amendment public right of access to MRMA's petition.

These allegations, moreover, are important to at least one of MRMA's grounds for vacating the arbitration award. (*See* Petition, at 30–33.) They are thus "necessary to understand the merits," of MRMA's action. *Newsday LLC*, 730 F.3d at 164. If these allegations are unfounded, it is also likely that they will be challenged given their importance to at least one of MRMA's claims. Accordingly, I do not find that there are higher values at issue that meet the exacting standard for sealing under the First Amendment public right of access test.

Accordingly, Hudson's motion to redact is DENIED; and it is

FURTHER ORDERED that parties shall file all materials that they previously filed under seal in this case by March 22, 2023.

The Clerk of Court is respectfully directed to unseal this docket and to amend the case caption to conform to the caption above.

SO ORDERED.

Dated: March 16, 2023
      New York, New York

                                                Vernon S. Broderick
                                                United States District Judge